09-1775-ag
Chen v. Holder

BIA
Abrams, IJ
A094 041 964

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of June, two thousand ten.

PRESENT:

      JON O. NEWMAN,
      ROBERT A. KATZMANN,
      PETER W. HALL,
          *Circuit Judges.*

----------------------------------------

YING CHEN,
      *Petitioner,*

      v.                    09-1775-ag
                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

----------------------------------------

FOR PETITIONER:      Oleh R. Tustaniwsky, Brooklyn, N.Y.

FOR RESPONDENT:      Tony West, Assistant Attorney General, Civil Division; John S. Hogan, Senior Litigation Counsel; Kiley L. Kane, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ying Chen, a native and citizen of the People's Republic of China, seeks review of a March 26, 2009, order of the BIA, affirming the August 29, 2007, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Chen*, No. A094 041 964 (B.I.A. Mar. 26, 2009), *aff'g* No. A094 041 964 (Immig. Ct. N.Y. City Aug. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and the IJ's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. *See Corovic,* 519 F.3d at 95. That determination was reasonably based on: (1) Chen's demeanor; (2) inconsistencies between Chen's claim that she

2

suffered a forced abortion in China and a document in the record that indicates that her pregnancy in the United States was her first; (3) the omission from Chen's asylum application and supporting documents of any allegation that her sister, as Chen testified, was forcibly sterilized; and (4) the questionable authenticity of Chen's mother's sterilization certificate. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, the agency did not err in declining to credit the explanations Chen offered for these discrepancies. *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d. Cir. 2005).

Because the only evidence of a threat to Chen's life or freedom depended on her credibility, the agency's adverse credibility determination was fatal to her application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003). Although Chen claimed before the agency that she feared forcible sterilization should she be returned to China based on the birth of her child in the United States, she does not challenge the BIA's denial of that claim before this Court. Nor does she advance any argument based on her alleged illegal departure from China.

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk